<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKARA BEY,<br><br>    Plaintiff,<br><br> v.<br><br>THE SUPERIOR COURT OF NEW JERSEY; JUDGE RUSSELL PASSAMANO; and JUDGE STEPHEN PETRILLO,<br><br>    Defendants. | Case No. 2:23-cv-22522 (BRM)(LDW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is *pro se* Plaintiff Takara Bey's ("Plaintiff") Complaint[1] and request for a temporary restraining order ("TRO") (ECF No. 1), as well as her Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-1).

  When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision

---

[1] On June 28, 2023, Plaintiff filed an amended complaint in another case, Case No. 23-03376, which appears to be related but names different defendants and allegations. The Court will address that matter separately.

whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Complaint is **DISMISSED**.

## I. BACKGROUND

On November 17, 2023, Plaintiff filed a complaint against Judge Russell Passamano and Judge Stephen Petrillo[2] alleging claims under 42 U.S.C. § 1983. Plaintiff asserts that from June 2022 to November 2023, Judge Petrillo and Judge Passamano "continued erroneous cases filed by a company named Rose Terrace Holdings LLC[3]," "used color of law to rule bias and partial to the company," "repeatedly denied he admittance of solid evidence from the deeds and records office," "denied [her] to counsel," "misused their authority an[d] issued orders in violation of [her] civil rights to remove [her] from [her] home instead of holding Rose Terrace Holdings LLC accountable for faulty filings." (ECF No. 1 at 3.) Plaintiff contends she "lost wages and suffered mental anguish" and is seeking a "TRO until trial then final order of protection form the Superior

---

[2] The Superior Court of Essex County is listed in the caption only; it is not listed under Section 1 as a defendant, and Plaintiff makes no allegations regarding the Superior Court. Accordingly, the Court does not consider them in this analysis. Even if there Court were to consider it, the Superior Court is not a "person" under 42 U.S.C. § 1983, and therefore, Plaintiff fails to state a claim against it.

[3] Rose Terrace Holdings is a defendant in Case No. 23-3376 but is not named as a defendant in this matter.

Court of Essex County" as well as a "cease and desist order pending completion of trial of [sic] jury in federal court" and "$7 million dollars . . . from the Judges and Courts." (*Id.* at 4.)

On November 28, 2023, Plaintiff filed a "brief in support of motion" contesting her impending ejectment, providing the Court with documents from state court and property records related to same, and asking for this Court to stop the enforcement of the ejection. (ECF No. 3.) On November 29, 2023, the Court denied her request of emergent relief noting that:

> To the extent she is asking this Court to interfere with the eviction, the Court does not have jurisdiction to do so, as it would require this Court to impermissibly review and reverse the state court judgment in NJ Superior Court, Chancery Div. Eviction, Essex County docket number DC-012579-23 as referenced in ECF No. 3-1, at 1-2. In re Knapper, 407 F.3d 573, 580 (3rd Cir. 2005). In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (quoting Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004)). Additionally, Plaintiff has not satisfied the elements required for this court to grant injunctive relief, including but not limited to showing reasonable probability of eventual success in the litigation. Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017). Therefore, her request for a TRO is denied. Her IFP application and complaint will be reviewed and screened in due course.

(ECF No. 4.)

## II.  LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

3

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

### III.  DECISION

Plaintiff's complaint is primarily based on her disagreement with Judge Petrillo and Judge Passamano's rulings and handling of her state court matters. She alleges they were bias, did not

consider evidence she presented, and misused their authority. (ECF No. 1 at 3.) All alleged damages arise from Judge Petrillo and Judge Passamano's judicial acts.

Judges are immune from suit for monetary damages arising from their judicial acts. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Forrester v. White*, 484 U.S. 219, 225–27 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Judicial immunity applies unless the judge's actions either were nonjudicial or were taken in the complete absence of jurisdiction. *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768–69 (3d Cir. 2000) (citing *Mireles*, 502 U.S. at 11–12). Because Plaintiff does not make any such assertions, Judge Petrillo and Judge Passamano and immune from suit, and therefore, any claims seeking monetary relief are dismissed. *Ezeani v. Jimenez*, No. 22-3182, 2023 WL 3244577, at *1 (3d Cir. May 4, 2023) (finding that screening under 28 U.S.C. § 1915(e)(2)(B)(iii) is limited to monetary damages).

As for Plaintiff's request for a "TRO until trial then final order of protection form the Superior Court of Essex County" and a "cease and desist order pending completion of trial of [sic] jury in federal court," that request is denied. In order to obtain such relief, Plaintiff must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). Plaintiff bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

Here, the Court does not find Plaintiff has established a reasonable probability of eventual success in the litigation. *Reilly*, 858 F.3d at 176 (quoting *Del. River Port Auth.*, 501 F.2d at 919–20). The defendant judges are immune from suit, *see Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (finding § 1983 action by a *pro se* plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity"), and, to the extent Plaintiff seeks a review or appeal of a state court order or judgment, that claim is improper in the district court. *Wharwood v. Wells Fargo Bank NA*, No. 20-3449, 2021 WL 4438749, at *2 (3d Cir. Sept. 28, 2021). Accordingly, the TRO is denied.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed IFP is **GRANTED**. The complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety. Plaintiff's request for injunctive relief is **DENIED**, and this matter shall be marked **CLOSED**. Plaintiff has until June 17, 2024, to file an amended complaint curing the deficiencies addressed herein. Failure to do so will result in the matter being dismissed with prejudice without further action from this Court. An appropriate Order follows.

Date: May 16, 2024

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**